

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. 0-7220
Re: Under the given facts would
a licensed physician and
pharmacist be legally author-
ized to practice medicine and
also accept employment in a
drug store?

Your request for an opinion has been received and carefully considered by this department. We quote your request, in part, as follows:

"A certain doctor who is a regularly licensed and registered physician of this State is also a licensed pharmacist of this State, and maintains an office in the rear of a drug store which has no li-censed pharmacist. Under this fact situation, I would like to have your opinion on the following questions:

"1. Would this licensed physician and phar-macist be legally authorized to practice medicine and also accept employment in this drug store as a registered pharmacist?

"2. Would this licensed physician and phar-macist be authorized to compound, mix and prepare drugs, medicines, etc., upon a physician's pre-scription in this licensed drug store from which he obtains such drugs, medicines, etc.?"

Section 8 of Article 4542a, Vernon's Annotated Civil Statutes, reads as follows:

"It shall be unlawful for any person who is not a registered pharmacist under the provisions of this Act to compound, mix, manufacture, combine,

prepare, label, sell or distribute at retail or
wholesale any drugs or medicines, except in origi-
nal packages. Provided that all persons now regis-
tered as pharmacists in this state shall have all
the rights granted to pharmacists under this Act.
Provided, however, that nothing in this Act shall
apply to or interfere with any licensed practitioner
of medicine, dentistry or chiropody, who is duly
registered as such by his respective State Board of
Examiners of this state, who shall supply his or her
patients, as a physician, dentist or chiropodist, and
by them employed as such, with such remedies as he or
she may desire and who does not keep a pharmacy, open
shop or drug store, advertised or otherwise, for the
retailing of medicines or poisons; and provided, fur-
ther, that nothing contained in this Act shall be con-
strued to prevent the personal administration of drugs
and medicines carried by any physician, surgeon, den-
tist, chiropodist or veterinarian licensed by his
respective Board of Examiners of this State, in order
to supply the immediate needs of his patients; nor to
prevent the sale by persons, firms, joint stock com-
panies, partnerships or corporations, other than
registered pharmacists, of patent or proprietary medi-
cines, or remedies and medicaments generally in use
and which are harmless if used according to instructions
as contained upon the printed label; and insecticides
and fungicides and chemicals used in the arts, when
properly labeled; nor insecticides or fungicides that
are mixed or compounded for purely agricultural pur-
poses. As amended Acts 1943, 48th Leg., p. 710, ch.
395, sec. 6."

Art. 758a, Vernon's Annotated Penal Code, makes the
violation of any of the provisions of Art. 4542a, a misdemeanor.

Art. 739, Vernon's Annotated Penal Code, reads as fol-
lows:

"It shall be unlawful for any one to practice
medicine, in any of its branches, upon human beings
within the limits of this State who has not regis-
tered in the District Clerk's office of every County

Honorable John C. Marburger - Page 3

in which he may reside, and in each and every county
in which he may maintain an office or may designate
a place for meeting, advising with, treating in any
manner, or prescribing for patients, the certificate
evidencing his right to practice medicine, as issued
to him by the Texas State Board of Medical Examiners,
together with his age, post office address, place of
birth, name of medical college from which he graduated,
and date of graduation, subscribed and verified by oath,
which, if wilfully false, shall subject the affiant to
conviction and punishment for false swearing, as pro-
vided by law. The fact of such oath and record shall
be endorsed by the District Clerk upon the certificate.
The holder of every such certificate must have the same
recorded upon each change of residence to another county,
as well as in each and every county in which he may main-
tain an office, or in which he may designate a place for
meeting, advising with, treating in any manner, or pre-
scribing for patients; and the absence of such record
in any place where such record is hereby required shall
be prima facie evidence of the want of possession of
such certificate."

Art. 742, Vernon's Annotated Penal Code, makes the un-
lawful practice of medicine a misdemeanor.

Sections 15 and 16 of Article 4542a, Vernon's Annotated
Civil Statutes, read as follows:

"Sec. 15. In all stores in which a registered
pharmacist is continuously employed and where the
provisions of this Act have been fully complied
with, there shall be displayed in a prominent place
in or on the front of said store the word 'pharmacy.'

"Sec. 16. It shall be unlawful for any person
to display in or on any store or place of business
the word 'pharmacy', either in the English or any
foreign language, unless there is continuously em-
ployed therein a registered pharmacist."

Honorable John C. Marburger - Page 4

As you state the person in question is a licensed and registered physician and a registered pharmacist, it is our opinion that in view of the foregoing statutes such person is legally authorized to practice medicine and accept employment as a pharmacist at the same time.

Trusting the foregoing answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

James N. Ware
Assistant

APPROVED MAY 28, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

JNW:zd

